### CASE OF WILLIAM B. ADAMS, MEMBER FROM MARBLEHEAD.

Where a member in fact performed the duties of a deputy collector of the customs under the United States, from the close of the first session of the general court to the commencement of the second, he was held to be thereby disqualified to hold his seat.

In a discussion of the question, upon the reconsideration of a vote adopting a report, whereby the seat of a member was vacated, it was ruled by the speaker, that evidence might be introduced in support of, but not against, the motion to reconsider.

WILLIAM B. ADAMS being returned a member from the town of Marblehead, and having been duly qualified and taken his seat in the house, the committee on elections were directed to inquire into his right to hold the same.[2]

The committee, on the second of February, made the following report[3]:—

" The committee on elections, who were instructed to inquire

[1] 48 J. H. 10, 54.          [2] Same, 220.          [3] Same, 271.

into the right of William B. Adams, of Marblehead, to a seat in this house, have attended to that duty, and held several meetings in relation thereto, by adjournment, at his request, at all of which he was present, and now they respectfully report : —

That William B. Adams was duly returned as a member of this house, and, having taken the requisite oaths, took his seat one day, in this house, at the June session thereof; and that it was clearly proved, by the testimony of several witnesses, who voluntarily presented themselves before the committee, and were examined, under oath, and by the inspection of sundry custom house official documents, which were furnished the committee, that William B. Adams did, from the end of the June session, of this present general court, to the third day of January last, inclusive, do and perform the duties of a deputy collector of the district of Marblehead and Lynn, in this commonwealth; that during this period, he administered the usual custom house oaths, certified invoices of imported goods, and signed coasters' clearances, as deputy collector aforesaid; and that he was, during the time aforesaid, in the habit of performing such and similar duties, during the presence or absence of the collector of the said district. The committee find, that by an act of the United States, passed March the second, 1799, the collectors of the customs may, during their sickness, or occasional and necessary absence, and not otherwise, appoint a deputy, duly constituted, under their hands and seals, to act in their behalf, in the discharge of the duties of their office, and that, by the seventh section of another act, passed on the 3d of March, 1817, the several collectors of the United States are authorized to nominate and appoint one or more deputies, with the approbation of the secretary of the treasury, who, in said act, are declared to be officers of the customs, and are required to take an oath of office.

By the eighth article of amendment of the constitution of this commonwealth, it is provided, that no person, holding any office under the authority of the United States, (postmasters excepted,) shall, at the same time, have a seat in this house.

The committee, having no power to send for persons or papers, had no means of ascertaining by virtue of what authority Mr. Adams assumed to discharge the official acts aforesaid; but the committee are of the opinion, that the acts and doings of Mr. Adams, as aforesaid, are *prima facie* evidence, that, from June last, to the third day of January last, inclusive, he held the office of deputy collector of the district of Marblehead and Lynn, and that holding said office under the authority of the United States is incompatible with a right to a seat; and they do accordingly report, that William B. Adams, of Marblehead, is not entitled to a seat in this house."

The report was agreed to,[1] on the ninth of February, by a vote of 88 to 71, and Mr. Sedgwick, of Stockbridge, then gave notice, that he should move a reconsideration of the vote, on the succeeding Monday.

On the eleventh of February, Mr. Sedgwick, pursuant to the notice given by him, moved a reconsideration of the vote, whereby the said report was accepted. During the discussion which ensued on this motion, Mr. Bliss, of Springfield, was proceeding to submit to the house, as an argument against the reconsideration, certain evidence tending to shew, that the said William B. Adams was considered, and returned, by the secretary of the treasury of the United States, as an officer of, and in the pay of the United States, when he was called to order by Mr. Sedgwick. The speaker decided that it was not in order, to submit this evidence to the house, as an argument against the reconsideration, inasmuch as Mr. Adams having been virtually suspended from his seat, by the decision of the house accepting the report, was not, and could not be present, to repel or explain it; but that any evidence, offered in support of the motion to reconsider the vote, would be admissible, the same objections not existing against its reception. No appeal was made from the decision of the chair. The question being then taken on the motion to reconsider, it was decided in the negative, by a vote of 126 to 75, and the report of the committee was ordered to be inscribed on the journal.[2]

[1] 48 J. H. 302.          [2] Same, 307, 8, 9.

A motion was subsequently made, that the committee on the pay roll be directed to make up the pay of Mr. Adams, for his travel and attendance, as a member, and, after consideration, was decided in the negative.[1]

On the fourteenth of January, 1831, Mr. Adams petitioned for an allowance of pay, as a member, until his seat was vacated as abovementioned. The committee on elections, to whom his petition was referred, reported a resolve in his favor, which was rejected by the house.[2]

[1] 48 J. H. 357, 360, 362.  [2] 51 J. H. 148, 246, 285.